# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BSI AMERICA PROFESSIONAL SERVICES INC.<br>12950 Worldgate Drive, Suite 800<br>Herndon, VA 20170,<br><br>        Plaintiff,<br><br>   v.<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KIRSTJEN M. NIELSEN, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LAURA B. ZUCHOWSKI, Director<br>U.S. Citizenship and Immigration Services<br>Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05479,<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT

### Introduction

1. Plaintiff BSI America Professional Services Inc. ("BSI America") challenges the unlawful denial of its nonimmigrant petition (EAC-18-139-50810) seeking approval of H-1B classification on behalf of Ms. Kimberly Kathleen Bergante Rodriguez under 8 U.S.C. § 1101(a)(15)(H).

2. The ultimate corporate parent of BSI America is the British Standards Institution ("BSI"), a company incorporated by Royal Charter and domiciled in the United Kingdom. The

principal activities of BSI and its subsidiaries are the development and sale of private, national, and international standards; second and third-party certification of management systems; testing and certification services both for products and services; provision of performance management software solutions; a range of training services in support of standards implementation and business best practice; and business consultancy.

3. Plaintiff BSI America provides advisory and consulting services to organizations on a management system not currently certified by BSI. This includes BSI Supply Chain Services and Solutions, the leading global provider of supply chain intelligence, global supply chain verification auditing services, audit compliance and risk management software solutions, and related advisory services.

4. As described in its initial petition to U.S. Citizenship and Immigration Services ("USCIS"), BSI America seeks to hire Ms. Rodriguez in the role of Supply Chain Risk Associate to "formulate and apply modeling and optimizing methods… to develop and execute supply chain consulting solutions that align compliance requirements with true risk management." This entails "governance, risk management, and compliance projects and business improvement initiatives, which includes consulting services that complement our supply chain auditing services, and software tools to manage risk." Classified in the Operations Research Analyst occupation according to the U.S. Department of Labor taxonomy, the role's minimum requirements included "attainment of a Bachelor's degree, or equivalent, in Business Administration, Supply Chain, Mathematics, or related quantitative field." *See* Ex. 1 (March 15, 2018, Employer Support Letter).

5. On October 18, 2018, USCIS denied the H-1B petition on the sole ground that "the evidence of record does not establish that the job offered qualifies as a specialty occupation

under section 101(a)(15)(H)(i)(b) of the [Immigration and Nationality] Act." *See* Ex. 3 (October 18, 2018 Notice from USCIS).

6. USCIS' denial of the petition runs counter to, and fundamentally disregards, substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

7. BSI America seeks an order overturning the denial and requiring USCIS to adjudicate and approve its H-1B nonimmigrant petition.

## Jurisdiction and Venue

8. This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

9. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## Parties

10. Plaintiff BSI America is a Delaware corporation headquartered in Herndon, VA.

11. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition BSI America filed on behalf of Ms. Rodriguez.

12. Defendant L. Francis Cissna is the Director of USCIS. He has ultimate

responsibility for the denial of BSI America's petition and is sued in his official capacity.

13. Defendant Kirstjen M. Nielsen is the Secretary of DHS, and is sued in her official capacity.

14. Defendant Laura B. Zuchowski is the Director of the Vermont Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated BSI Americas's petition.

**Legal Framework**

15. The Immigration and Nationality Act ("INA") provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

16. A specialty occupation is a position that requires a theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

17. DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

18. Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the

following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum requirement for entry into the particular position;

- Degree requirement is common in industry in parallel positions among similar organizations or the particular position is so complex or unique that a degree is required;

- Employer normally requires a degree or equivalent; or

- Nature of specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with attainment of degree.

19.     To perform services in a specialty occupation, a beneficiary must, in pertinent part, hold a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

## Factual Allegations

20.     USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Ms. Kimberly Kathleen Bergante Rodriguez on April 12, 2018.

21.     Ms. Rodriguez earned a Master of Business Administration ("MBA") in May 2017 and a Bachelor of Arts degree in May 2015, both from New York University. Her MBA curriculum included a robust component of quantitative coursework, including classes such as Statistics & Data Analysis, Financial Accounting, Foundations of Finance, and Corporate Finance, Operations Management, all directly related to the requirements of the proffered role.

22.     USCIS issued a Request for Evidence ("RFE") on May 2, 2018, and called for additional evidence both that the position offered to the beneficiary meets the requirements for a

specialty occupation, and that the beneficiary's credentials qualify her for the role. *See* Ex. 2 (May 2, 2018 Notice from USCIS).

23. Plaintiff submitted its timely response on September 17, 2018, and along with a range of documentary evidence attached a support letter from Beth van Burk, Senior HR Business Partner with BSI. This letter provided more detailed explanations of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and tied these requirements to both the Operations Research Analyst occupation generally and the company's specific needs for this particular role.

24. Ms. Rodriguez assumed her role as Supply Chain Risk Analyst with the petitioner in September 2017 pursuant to a period of Optional Practical Training ("OPT") and an associated Employment Authorization Card approved for the period of June 21, 2017, until June 20, 2018.[1] She remained in this position until September 30, 2018, pursuant to "cap-gap" regulations that permit continuing employment for eligible beneficiaries of pending H-1B petitions whose OPT expires during the pendency of the H-1B petition.

25. As "cap-gap" protections extend work authorization only through the requested start date in the H-1B petition (*i.e.*, October 1, 2018), Ms. Rodriguez was forced to resign her position notwithstanding BSI America's petition that had by that point remained pending with USCIS for six months.

26. USCIS ultimately denied Plaintiff's petition on October 18, 2018. The denial asserts that Plaintiff did not establish the proffered position's eligibility under any of the four "specialty occupation" factors enumerated by regulation at 8 C.F.R. § 214.2(h)(4)(iii)(A).

---

[1] Optional Practical Training is temporary employment that is directly related to an F-1 student's major area of study. Eligible students can apply to receive up to 12 months of employment authorization after completing their academic studies.

Case 1:18-cv-02940-CJN   Document 1   Filed 12/13/18   Page 7 of 10

27. The denial lists the additional evidence submitted with BSI America's response to the Service's RFE as the following: Letters of support of your petition to include a list of expanded job duties; a copy of the operations research analyst position from the O*NET OnLine ("O*NET"); copies of various company excerpts; and a copy of the beneficiary's report card and appraisal with your company.

28. In fact, Plaintiff submitted the following in response to the Service's RFE, all indexed, tabbed, and clearly outlined by the associated cover letter:

- Letter by Beth van Burke, Senior HR Business Partner at BSI addressing the questions raised in the RFE. *See* Ex. 4 (September 13, 2018, Response Letter from BSI).

- Copies of company materials regarding BSI's Corporate Social Responsibility Services and Solutions which the proffered position supports. *See* Ex. 5 (BSI Corporate Responsibility Materials).

- Copies of documentary examples of work products created the proffered role. *See* Ex. 6 (Sample Work Product).

- Letter from the beneficiary's direct supervisor, Ryan Lynch, Head of Advisory and Corporate Social Responsibility at BSI with detailed information on the duties of the specialty occupation position and the skills and technology required to perform the duties. *See* Ex. 7 (September 13, 2018, Response Letter from Manager).

- Copies of Ms. Rodriguez's MBA transcripts and associated course descriptions. *See* Ex. 8 (MBA Documentation).

- Relevant pages of the O*Net, the U.S. Department of Labor's online occupational

-7-

   database.

- Letter from BSI HR confirming the current employment of another employee in a similar position and the employee's resume.

29.     The denial does not reference or in any meaningful way analyze the substance of the additional evidence provided in response to the Service's RFE. Instead, the denial simply cuts and pastes cherry-picked snippets from Petitioner's submission for inclusion in a thoughtless template denial notice intended to suggest a thorough review, when in fact there was no meaningful review or adjudication whatsoever. Accordingly, the entirety of the denial's rationale is "Although explained in greater detail, the duties you submitted do not appear to be of such complexity, uniqueness, or specialization as to require the attainment of a bachelor's degree in a specific field or study that consisted of the theoretical and practical application of a body of highly specialized knowledge."

30.     Unless the Court vacates the denial of BSI America's H-1B petition, the company will lose the services of a valuable employee in the United States.

**Exhaustion**

31.     The October 18, 2018, denial by USCIS of BSI America's petition constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

32.     Under 5 U.S.C. §§ 702 and 704, BSI America has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

**CAUSE OF ACTION**

## COUNT I

### Administrative Procedure Act Violation (5 U.S.C. § 706)

33. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

34. Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

35. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

### REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of BSI America's H-1B petition is unlawful.

2. Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3. Award Plaintiff its costs in this action; and

4. Grant any other relief that this Court may deem proper.

Dated: December 13, 2018

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Eric S. Bord
Eric S. Bord (DC Bar No. 429350)
eric.bord@morganlewis.com
Daniel D. Schaeffer (DC Bar No. 888208991)
daniel.schaeffer@morganlewis.com

1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:    +1.202.739.3000
Facsimile:    +1.202.739.3001

Attorneys for Plaintiff